HENRY C. ARMSTRONG, APPELLANT, V. EDWIN P. SWEENEY, SHERIFF, ET AL., APPELLEES.

FILED JULY 22, 1902.    No. 11,940.

Commissioner's opinion, Department No. 3.

Injunction: MOTION TO DISSOLVE: AFFIDAVIT: COURT RECORDS: COUNTER-AFFIDAVITS. Where a motion to dissolve an injunction is based on affidavits and copies of court records, the plaintiff is entitled to file counter-affidavits, and to a reasonable time to investigate the facts set out in the affidavits of his adversary, and to prepare and file such counter-affidavits.

APPEAL from the district court for Box Butte county. Heard below before WESTOVER, J. *Reversed.*

*William Mitchell,* for appellant.

*W. P. Hall, R. C. Noleman* and *Lambertson & Hall,* contra.

DUFFIE, C. ·

This is an appeal from an order dissolving a temporary injunction and dismissing the plaintiff's petition. The facts out of which the case grew are as follows: September 19, 1893, Armstrong, the appellant, made and delivered to Swen Morine his three promissory notes, aggregating $325. Morine transferred these notes to the appellee Hall, who, on the 6th of December, 1898, obtained judgment thereon against both Armstrong and Morine in the county court of Phelps county. In April, 1899, Armstrong filed a voluntary petition in bankruptcy in the district court of the United States for the district of Nebraska, and in due course was adjudged a bankrupt, and on the 3d of August, 1899, was, by the consideration of said court, duly and legally discharged and absolved from all liability to his creditors of date prior to April 10, 1899. In his schedule of debts filed in the bankruptcy proceedings Hall was not listed as a creditor, but the notes upon

which Hall's judgment was entered were listed as a liability, and as belonging to Swen Morine. Whether this was done intentionally or arose from an oversight does not appear, nor is it, we think, material in the determination of the case. July 12, 1900, Hall filed a certified transcript of his judgment in the office of the clerk of the district court for Box Butte county, and on said day caused an execution to be issued thereon and placed in the hands of Edward P. Sweeney, sheriff of said county, who levied upon certain personal property as the property of Armstrong, the appraised value of which was $800. Thereupon Armstrong brought this action against Hall and Sweeney, alleging in his petition his discharge in bankruptcy and that Hall had both notice and actual knowledge of the pendency of said bankruptcy proceedings in time to have had his said judgment properly scheduled among the liabilities of the bankrupt, and to have made due proof of his claim in said bankruptcy proceedings. A temporary injunction was granted upon this petition restraining the sheriff from selling the property levied on, and the defendant Hall from attempting to collect his judgment. The summons was returnable on or before the 30th of July, and the answer day was August 20, 1900. The defendants made no appearance in the case until the 24th day of September, 1900, when a motion to dissolve and vacate the injunction was filed. This motion was supported by the affidavits of W. P. Hall and Swen Morine, and also by a certified copy of the petition in bankruptcy filed by Armstrong in the federal court, together with Schedule A, being a list of the creditors whose claims were unsecured, in which, as before stated, Hall does not appear as a creditor, but the debt upon which his judgment was entered was scheduled as belonging to Swen Morine. At the time of filing this motion to vacate the injunction the defendants also obtained leave of court to file answer in the case, this being, as we understand from the record, the first day of the regular September term of court. On the same day the defendants called up their motion to

vacate the injunction, and the plaintiff requested time in which to file counter-affidavits. The record relating to this proceeding is as follows:

"Now on this 24th day of September, 1900, it being one of the days of the regular September, 1900, term of the district court in and for Box Butte county, Nebraska, this cause came on to be heard upon the application of defendants Edwin P. Sweeney, sheriff, and W. P. Hall, each to be allowed to file answer instanter, and the court being fully advised in the matter, and upon due consideration said application is granted and leave given to each of said defendants to file answer in said cause instanter. Now, again, on said day this cause came on to be heard upon motion of defendant W. P. Hall, to dissolve the injunction heretofore allowed in this case, said motion being supported by affiant's transcript of judgment filed in this court, and a certified copy of the petition and schedule of creditors filed by said plaintiff in the United States district court at Omaha, in his proceedings in bankruptcy. Said Henry C. Armstrong, plaintiff, objecting to motion being heard at this time and asks the court to allow him time to file counter-affidavits to affidavits filed by W. P. Hall, defendant, in support of said motion to dissolve said temporary injunction. Whereupon the court being fully advised in the premises, refuses to allow said plaintiff time to file counter-affidavits to affidavits of said W. P. Hall in support of motion to dissolve said temporary injunction, to which ruling of the court the plaintiff, Henry C. Armstrong, duly excepts, whereupon the court sustains the motion of W. P. Hall, defendant, and dissolves said temporary injunction, to which ruling of the court the plaintiff, Henry C. Armstrong, duly excepts. This case came on to be further heard on same day on motion of defendants to dismiss said action, whereupon the court dismissed said case; to which ruling of the court the plaintiff, Henry C. Armstrong, duly excepts."

The bankruptcy act provides that "a discharge in bankruptcy shall release a bankrupt from all of his provable

debts, except such as have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."[*] It is distinctly averred in plaintiff's petition that Hall had actual knowledge of the bankruptcy proceedings in the Armstrong case in ample time to allow him to file and prove his claim. Hall, in his affidavit filed in support of his motion to vacate the injunction, denied such knowledge, and under section 264, Code of Civil Procedure, plaintiff had a right to oppose said affidavits by counter-affidavits or other evidence, and having this right, had, of course, the right to reasonable time to secure such affidavits or evidence after the motion to dissolve was filed. We are impressed with the belief that the record in this case does not disclose the situation as it must have appeared to the trial judge; but we are bound by the record, and must dispose of the case from what is shown therein. On the 24th of September a motion is filed to vacate an injunction, supported by affidavits and certified court records. On the same day, apparently without any chance for investigation, and without any opportunity to secure counter-affidavits, the motion is brought on for hearing against the objection of the plaintiff, and the injunction vacated and the case dismissed. On its face the record discloses such an abuse of discretion in forcing the plaintiff to a hearing without an opportunity to investigate the showing made by the defendants, and without time to secure evidence on his own behalf, as to require a reversal of the case. Because of the usually careful method of the learned judge who heard this case to see that parties litigant are awarded every right, we are inclined, as before remarked, to believe that there must have been some circumstances connected with this case and the hearing which the record does not disclose; but if so, the fault lies with those who allowed the record to be presented in its present form, and we can not go outside of the showing

[*] U. S. Compiled Statutes, Title 61, ch. 3, sec. 17.

made, into the field of imagination, in support of reasons which might, under some possible circumstances, have justified the court in disposing of the case in the arbitrary manner shown by the record. Under the facts disclosed the plaintiff was not given time within which to prepare for the hearing, and there is no showing whatever that the plaintiff was ever offered an opportunity to try his case upon the merits before the same was dismissed.

We recommend that the judgment appealed from be reversed, and the case remanded, with directions to proceed according to law.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is reversed, and the case remanded with directions to proceed according to law.

REVERSED AND REMANDED.